COMMONWEALTH *v.* L. P. ANDERSON, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—275.]

**Defense to Suit on Bail Bond.**
> Discharge in bankruptcy cannot be pleaded as a defense by a surety on a bail bond.

**Remission of Forfeiture.**
> The court in its discretion may remit a forfeiture under a paragraph of answer showing that as soon as the forfeiture on a bail bond was declared the surety proceeded to have the accused arrested and surrendered to the jailer, and praying the court to remit the forfeiture.

APPEAL FROM LOGAN CIRCUIT COURT.

September 16, 1880.

OPINION BY JUDGE HARGIS:

After the forfeiture of the bond of J. W. Anderson, for his appearance to answer the charge of carrying concealed a deadly weapon, his surety, McMillen, pleaded his discharge in bankruptcy in the first paragraph of his answer, and in the second paragraph thereof he alleged that immediately upon the forfeiture he proceeded to have the accused arrested, and that he had procured his arrest and surrender to the jailer of Logan county, wherein the indictment was pending, and prayed the court to exercise its discretion and remit the forfeiture. The appellant, the commonwealth, demurred to the response, which was overruled and the proceeding dismissed.

The first paragraph presented no defense, as this court decided in the case heard jointly with this. But the second paragraph of the answer contained enough to authorize the court to hear testimony and remit the forfeiture.

No reply being filed to the response after demurrer, which was properly overruled, the allegations were confessed; and nothing else appearing the judgment of dismissal was proper, as it must be presumed that the court remitted the forfeiture or did that which he could legally do rather than what he could not legally do.

Wherefore the judgment is *affirmed.*

*Harding, for appellant.  C. S. Grubbs, for appellees.*